## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01531-REB-MJW


JULIA WALKER AND BRANDON LASSLEY

      Plaintiff(s),

v.

AMINOKIT LABORATORIES, INC., A COLORADO CORPORATION D/B/A
TREATMENT CENTERS XL; TAMEA R. SISCO, INDIVIDUALLY AND AS
BENEFICIAL OWNER OF AMINOKIT LABORATORIES, INC.; JONATHAN
LEE, M.D., AND WHITE LODGING SERVICES CORPORATION, AN
INDIANA CORPORATION

      Defendant(s).

---

### STIPULATED PROTECTIVE ORDER ( Docket No 54-1 )

---

      It appearing to this Court that Plaintiff and Defendants in this action consent
to this Protective Order, and by execution of this Consent Order by their respective
counsel, the Parties do agree to be bound by its terms as follows:


**I.   Definitions and Terms**


   1. As used in this Order, the following definitions and terms shall apply:

a) "Confidential Information" means any Discovery Material that the producing party or protected person reasonably believes not to be in the public domain and reasonably believes contains any trade secret or other confidential, strategic, research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(7), that, if disclosed, would materially affect the party's or protected person's business, commercial or financial interests.

b) "Plaintiff" or "plaintiffs" means the Julia Walker and/or Brandon Lassley.

c) "Defendant" or "defendants" means Aminokit Laboratories, Inc. d/b/a/ Treatment Centers XL, Tamea R. Sisco, Jonathan Lee, M.D., and/or White Lodging Services Corporation.

d) "Party" or "parties" means the Plaintiffs and/or the Defendants in this action.

e) "Counsel" means the counsel of record in this action and their law firms as well as (i) other attorneys or consultants employed or retained by such law firms; or (ii) any attorney subsequently retained or designated by a party to appear in this action.

f) "Protected person" means any non-party that furnishes any Discovery Material to any party.

g) "This action" means the above-captioned civil action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

h) "Disclosed" is used in its broadest sense and includes, inter alia, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

i) "Discovery" is defined as the term is used in the Federal Rules of Civil Procedure.

j) "Discovery Material" means any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, initial (and supplemental) disclosures, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily in the course of this action or in response to discovery requests in this litigation by any party or protected person.

k) "Document" is defined as the term is used in Rule 34(a) of the Federal Rules of Civil Procedure.

## II.   Types of Material That May Be Designated Confidential

2. Any Discovery Material may be designated by a producing party or protected person as "Confidential" under this Order. Such designation shall constitute a representation to the Court that counsel for the producing party or protected person believes in good faith that the material so designated constitutes Confidential Information as defined in this Order.

3. Designation of Discovery Material as "Confidential" shall not relieve a party of its obligation to provide an appropriate privilege log pursuant to FRCP 26(b)(5).

## III.   Designation of Discovery Material as Confidential

4.   The parties agree that where documents or other evidence has been produced in any other companion litigation and previously designated as "confidential," such material will retain its "confidential" status without any further action by the original producing party where the parties agree to adopt and/or incorporate previously produced materials into this action.

5.   Parties and protected persons that have previously produced Discovery Material in the course of this action shall have 30 days after entry of this Order to designate any such Discovery Material as Confidential as defined in this Order. In the meantime, all parties shall treat all such materials as Confidential pursuant to this Order. Such Discovery Material may be designated as Confidential by (i) providing copies of the Discovery Material that are stamped with the stamp "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or (ii) stamping Discovery Material currently in the possession of a party with the stamp "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." If the entire document is not confidential, the party or protected person shall specifically identify the portions of the documents that contain the Confidential Information. Any confidential stamp shall be affixed to each page of the document containing such material and shall not interfere with the legibility of designated documents.

6.   Any documents, material or information produced in discovery in this action, but not covered by paragraphs 4 or 5 above, that are to be designated "Confidential" may be so designated by the producing party or protected person by furnishing a separate written notice to the

4

undersigned counsel for the party receiving such documents, material or information at the time of their production specifically identifying the portions of the documents or materials containing the Confidential Information, unless the entire document is designated as Confidential, and by providing copies of the documents, material or information so designated that are stamped with the stamp "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." This stamp shall be affixed to each page of the document containing such material and shall not interfere with the legibility of designated documents. With respect to electronic documents, the party or protected person at the time such documents are produced shall specify in writing that the material is designated as Confidential.

7.      Inadvertent production of or failure to designate any information as Confidential shall not be deemed a waiver of the producing party's or protected person's claim of confidentiality as to such information, and the producing party or protected person may thereafter designate such information as Confidential as appropriate.

## IV.   Permissible Uses of Discovery Material

8.      All persons obtaining access to Discovery Material produced in connection with this action shall use such Discovery Material only for purposes of this action, including any appeal of the Court's ruling, and any subsequent proceedings and shall not use such Discovery Material for any other purpose, including the furtherance of any other claims, any business, commercial, competitive, personal or other purpose or in any other administrative or judicial proceeding.

5

9.  Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

10. Nothing herein shall prevent disclosure of Confidential Information with the consent of counsel for the designating party or protected person.

11. Except as otherwise authorized by this Order, Confidential Information may be disclosed only to the following persons:

    a)  the Court;

    b)  party counsel and employees, including contract employees;

    c)  outside or private counsel for the parties;

    d)  associated personnel of any person within categories 11.a. through 11.c. for whom access to Confidential Information is necessary to assist such persons in this action, including any Court personnel assisting the Court, litigation assistants, paralegals, secretarial or other clerical personnel, and stenographers or other persons involved in taking or transcribing testimony in this action;

    e)  consultants, experts or litigation support services, including outside copying services, retained by a party for the purpose of assisting that party in this action, and principals and employees of the firm with which consultants or experts are associated;

    f)  authors or recipients of the designated Confidential Information;

    g)  employees of or counsel for the party or protected person producing such Confidential Information;

    h)  persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to Confidential Information, or

6

who have been participants in a communication that is the subject of the Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have participated, except that, unless and until counsel confirms that any such persons have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation; and

i) subject to the terms of paragraph 14, other persons not included in the above subparagraphs who may testify as a witness, either at a deposition or at a court proceeding, for the purpose of assisting in the preparation or examination of the witness or potential witness.

12. Persons described in subparagraphs 11.b. and 11.c. (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court. Persons described in subparagraphs 11.b. and 11.c. should advise their associated personnel of this Order and the terms of the above stated agreement prior to providing their associated personnel access to Confidential Information.

13. Each individual described in Paragraph 11 above, to whom Confidential Information is disclosed, shall not disclose that information to any other individual, except as provided in this Order, or use it for any purpose other than in connection with this action. Before any Confidential Information may be disclosed to any person described in subparagraphs 11e., 11.h. and 11.i. above, he or she shall have first read this Order or shall have otherwise been instructed in his or her obligations under the Order by counsel for a party.

7

14. Counsel for a party may disclose Confidential Information to any witness or potential witness, provided counsel has obtained consent of counsel for the party or protected person who produced such information.

## V. Deposition Procedures

15. At any non-party deposition session, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of Confidential Information, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons, other than the reporter, counsel and individuals specified in paragraph 11 hereof, leave the deposition room during the Confidential portion of the deposition. The failure of such other persons to comply with such requests shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

16. Where testimony regarding Confidential Information is elicited, all transcripts and exhibits shall be treated as if designated Confidential for a period of ten (10) business days after the transcript is available from the court reporter. Any deponent or counsel for that deponent may designate during the deposition or during the ten-business-day period after the transcript is available from the court reporter any portion of the transcript as Confidential by denominating by page and line, and by designating any exhibits, that are to be considered Confidential pursuant to the criteria set forth in this Order. Such designation shall be communicated to all parties. Transcript portions and exhibits designated in accordance with this paragraph shall be disclosed only in accordance with this Order.

X

## VI. Challenges to Confidential Designations

17. If any party disagrees with the designation by the producing party or protected person of any Discovery Material or testimony as Confidential Information, then the parties to the dispute will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential pending resolution of the parties' dispute. If the dispute cannot be resolved informally, the producing party or protected person bears the burden of persuading the Court that the information is in fact Confidential Information within the definition of that term set forth above. In the case of material provided by a protected person, the party contesting the confidentiality designation shall provide reasonable notice to the protected person that the matter has been referred to the Court.

18. Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party or protected person that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain

9

documents or information; or (iv) to seek documents or other information from any source.

**VII.   Filing Under ~~Seal~~** *Restricted Access under D.C.ColoLCivR 7.2*

*mjw*
*11-3-15*

19.     All Confidential Information contained or discussed in any pleading, motion, exhibit or other paper filed with the Court shall be accompanied by a Motion To ~~Seal.~~ *Restrict Access under D.C.Colo.LCivR 7.2* The Court shall then determine what, if any, portions of filing shall be filed under ~~seal.~~ *Restricted Access.*

**VIII.   Use of Confidential Information at any Hearing**

20.     The parties shall confer and attempt to agree, before any hearing, on the procedures under which Confidential Information may be introduced into evidence or otherwise used at such hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each protected person producing any Confidential Information that may be used or introduced at any such hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Information at any such hearing upon reasonable notice to all parties and protected persons who have produced such information. The parties shall provide protected persons with notice of potential use at any hearing of any Confidential Information produced by them.

## IX.   Procedures Upon Termination of Action

21.   Within 60 business days following the running of any applicable time to appeal any order or ruling entered in this action, the parties shall either (i) return to the person who produced such materials all copies of all Confidential Information obtained through discovery in this action or (ii) certify to that person that all such materials have been destroyed.

22.   After the running of any applicable time to appeal any order or ruling entered in this action, the parties or protected person may request that any party return or destroy any Discovery Material the Defendant or protected person has provided. Upon such request, the party shall comply.

## X.   Miscellaneous

23.   This Order shall not affect the right of any party or protected person to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

24.   Nothing in this Order shall prejudice the right of any party or protected person to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other parties and affected protected persons.

25.   All persons governed by this Order, by reviewing Confidential Information, or seeking the protections of this Order for Discovery Material, shall agree to the jurisdiction of this Court over their person for

the purpose of any action seeking to enforce the terms and conditions of this Order, or for any action for contempt for violation of the terms of this Order.

26. This Order may be amended by the agreement of counsel for the Parties in the form of a proposed written amendment to the Order. Such proposed modifications shall be submitted to the Court for approval. This Order may otherwise be amended by motion by any party.

IT IS SO ORDERED, this _3rd_ day of _November_, 2015, *As Amended In paragraph 19.*

_(signature)_

STIPULATED TO BY:

_/s/ Jordana G. Gingrass_
Jerome M. Reinan, Esq.
Jordana G. Gingrass, Esq.
Jeremy I. Pollack, Esq.
Law Offices of J.M. Reinan, P.C.
1437 High Street
Denver, CO 80218

**Counsel for Plaintiffs**

s/Christopher R. Reeves
Richard A. Waltz, Esq., #11567
Christopher R. Reeves, Esq., #44329
Yana K. Durell, # 47461
The Waltz Law Firm
1660 Lincoln Street, Suite 2510

Denver, CO 80264

**Counsel for Defendant Jonathan Lee, M.D.**

*/s/ Richard K. Rediger*
Scott A. McGath, Esq.
Richard K. Rediger, Esq.
Lindsey Warren Jay, Esq.
Overturf, McGath, & Hull, P.C.
625 East 16th Avenue, Suite 100
Denver, CO  80203

**Counsel for White Lodging Corp**

*/s/ James F. Schere*
James F. Scherer
James F. Scherer of Miller & Law, P.C.
1900 W. Littleton Boulevard
Littleton, Colorado 80120

**Counsel for Aminokit Laboratories, Inc, and
Tamea R. Sisco**

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November, 2015, I electronically filed a true and correct copy of the above Proposed Stipulated Protective Order with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Jerome M. Reinan, Esq.
Jordana G. Gingrass, Esq.
Jeremy I. Pollack, Esq.
Law Offices of J.M. Reinan, P.C.
1437 High Street
Denver, CO 80218
Counsel for Plaintiffs

Scott A. McGath, Esq.
Richard K. Rediger, Esq.
Lindsey Warren Jay, Esq.
Overturf, McGath, & Hull, P.C.
625 East 16th Avenue, Suite 100
Denver, CO 80203
Counsel for White Lodging Corp

James F. Scherer
James F. Scherer of Miller & Law, P.C.
1900 W. Littleton Boulevard
Littleton, Colorado 80120
Counsel for Aminokit Laboratories, Inc, and
Tamea R. Sisco

s/Christopher R. Reeves
The Waltz Law Firm

14