IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-01531-REB-MJW

BRANDON LASSLEY, and
JULIA WALKER,

Plaintiffs,

v.

AMINOKIT LABORATORIES, INC., *a Colorado corporation d/b/a/ Treatment Centers XL*,
TAMEA RAE SISCO, *individually and as beneficial owner of Aminokit Laboratories, Inc.*,
JONATHAN LEE, M.D., and
WHITE LODGING SERVICES CORPORATION, *an Indiana corporation*,

Defendants.

---

## REPORT AND RECOMMENDATION ON

### DEFENDANT WHITE LODGING SERVICES CORPORATION'S RENEWED PARTIAL MOTION TO DISMISS BASED ON STATUTE OF LIMITATIONS
**(Docket No. 49)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Defendant White Lodging Services Corporation ("White Lodging") moves to dismiss Counts One and Four of the Amended Complaint as barred by the statute of limitations.  (Docket No. 44 (Amended Complaint); Docket No. 49 (Motion to Dismiss).)

The Court has reviewed the parties' filings (Docket Nos. 49, 61 & 72); further, because this motion has been briefed and mooted once before, the Court has also reviewed the filings from the earlier motion (Docket Nos. 16, 33 & 36).  The Court has further taken judicial notice of the Court's entire file in this case and considered the

2

applicable Federal Rules of Civil Procedure, statutes, and case law. Now being fully informed, the Court recommends that the motion be denied.

As an affirmative defense, the statute of limitations can be raised on a motion to dismiss only if the complaint itself plainly establishes the defense. *ASARCO, LLC v. Union Pac. R.*, 765 F.3d 999, 1004 (9th Cir. 2014); *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1311 n.3 (10th Cir. 1999) ("Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period"), *overruled on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

White Lodging first argues that the last possible date Counts One and Four could have accrued was July 18, 2012, and thus that a three-year statute of limitations would have expired on July 18, 2015—two days before the complaint in this case was apparently filed.[1] As Plaintiff points out, though, July 18, 2015, fell on a Saturday—advancing the limitations period two days to the next business day, under Colorado state law. C.R.S. § 2-4-108; *Matthews v. City & County of Denver*, 20 P.3d 1227 (Colo. App. 2000). As to this argument, then, the motion should be denied.

White Lodging next argues that Plaintiff's claims actually accrued earlier—no later than July 7, 2012—because the Amended Complaint alleges no later date that can be considered an overt act.

---

[1] This is a removed action. The parties have filed neither a copy of the state court docket nor a time-stamped copy of the original complaint. The notice of removal (Docket No. 1) states that the complaint was filed on July 17, 2015, not July 20th. But in briefing the motion to dismiss, the parties both state that the complaint was filed on July 20th—and so the Court will assume likewise.

As to Count Four, White Lodging correctly notes that a conspiracy claim does not accrue until the last wrongful, overt act is committed:

> Civil conspiracy is a derivative cause of action. The essence of a civil conspiracy claim is not the conspiracy itself, but the actual damages resulting from the acts done in furtherance of the conspiracy.
>
> In the end, it is wrongful acts, not the mere existence or continuation of a conspiracy, that injure the plaintiff. Consequently, the failure to discover all (or other) participants in a conspiracy does not delay accrual of the cause of action: once a party is aware of an injury and the cause thereof (i.e., in this context, *a* wrongdoer), the party normally has sufficient opportunity, within the applicable limitations period, to discover the identity of other defendants.
>
> Because the elements of a civil conspiracy claim require that the underlying acts be unlawful and create an independent cause of action, civil conspiracy claims share a statute of limitations with the underlying tort, and their accrual dates are linked to the accrual dates of the underlying torts.

*Sterenbuch v. Goss*, 266 P.3d 428, 435–36 (Colo. App. 2011) (internal citations, quotation marks, and alterations omitted). But despite having identified the correct legal principle, White Lodging nonetheless argues that the statute of limitations should begin running on the date of White Lodging's last act of conspiring with other Defendants. This is incorrect; Count Four's statute of limitations runs concurrently with that of the underlying counts, Count One and Count Three.[2]

Count One alleges that Defendants violated the Colorado Consumer Protection Act (CCPA), C.R.S. § 6-1-101 *et seq.*, by falsely holding themselves out as a residential drug rehabilitation center. White Lodging argues that this CCPA claim accrued no later than July 7, 2015, because that was the last day that Defendants agreed to fraudulently

---

[2] Count Three is subject to a four-year statute of limitations, which White Lodging does not contest.

transfer any plaintiff from one room in the facility to another. This argument fails because it bears no relationship whatsoever to the relevant inquiry. Under the CCPA, a cause of action accrues when "the consumer discover[s] or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." *Stiff v. BilDen Homes, Inc.*, 88 P.3d 639, 642 (Colo. App. 2003) (construing limitations period in C.R.S. § 6-1-115). White Lodging has directed the Court's attention to nothing in the Amended Complaint establishing when Plaintiffs knew or should have known of the allegedly false practices at issue in this case. Because that date is not conclusively established in the Amended Complaint, the statute of limitations cannot be resolved at the pleading stage. As to this argument, then, the motion should be denied.

## Recommendation

It is hereby RECOMMENDED that White Lodging Services Corporation's Renewed Partial Motion To Dismiss Based On Statute Of Limitations (Docket No. 49) be DENIED.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file**

5

**and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996)**.

Dated:     November 18, 2015     */s/ Michael J. Watanabe*
              Denver, Colorado         Michael J. Watanabe
                                              United States Magistrate Judge